Mr. Justice Bay
delivered the opinion of the court:
I have considered this case, and am fully of opinion that there are no grounds for reversing or setting aside the opinion of the Recorder in the City Court. The act of 1801 ascertains and establishes the jurisdiction of the Inferior Court of Charleston.
1st. Against all offences against the by-laws of the city, <e and on all contracts expressed or implied to the amount of one hundred dollars, with a proviso, that the jurisdiction shall extend only to persons resident within the limits of the city, and those who have been in it for 4 months," &c. From this act it is evident to my mind that no further jurisdiction was intended to be given to the City Court of Charleston, and those residing within it for the space of 4 months, than the recovery of money on contracts, express or implied, and on contracts arising within the city, or between foreigners within the same. The act of 1818, enlarging the jurisdiction of the City Court, declares that it shall have concurrent jurisdiction with the Court of General Sessions and Common Pleas, in all cases of misdemeanour, assault and battery, arising within the *45 -city ; also, all cases of trover, detinue, replevin and trespass, and in civil cases, to the amount of $ 500. This latter act therefore only adds to the jurisdiction of the City-Court, cases of misdemeanour, assault and battery, and cases of trover, detinue and replevin, and in other civil cases, to the amount of $ 500. Not one word is said about the proceeding by the process of attachment in either of these acts. But it has been argued that the attachment, being in nature of a civil case, it is implied in the general poWers given to the City Court, and ought to be presumed to have been given to the City Court. To this I answer, that it is a well known rule of law, that when a new jurisdiction is created by act of parliament, nothing shall be presumed to he included within it, but what is specially given ; all presumed powers are absolutely excluded, unless it he those which are naturall]' attached to, and. are necessarily connected with, the special powers given, and without which, those powers could not be carried into execution. From which it appears to me, as the attachment act and its various proceedings were never gi ven by any of the above acts, or annexed to the jurisdiction of the City Court, it never had any cognizance of it, or of any of its clauses. Besides, it must he recollected that the proceeding by attachment was never authorized by the common law. It was of civil law origin ; and although it was allowed by the custom of London in favor of commerce, yet that was a local custom, and not the general law of the realm. And when the common law was extended to this country, the proceeding by attachment formed no part of it. Every thing therefore under this, system depends upon the local act of South-Carolina, called the attachment act; the law in question, and not upon the common law, or the custom of London. Now, from a review of this act, and its different clauses, it will appear ahundantty evidejit, it never was calculated for, or intended to be carried into execution by an Inferior Court, or one of a limited jurisdiction. The preamble relates the inconveniencies and injuries arising from a defect of the recovery of debts *46 due from persons who are absent beyond seas, or who withdraw themselves out of the limits of the then province, leaving debts, goods and chattels behind them,” &c. The first clause then authorizes persons having lawful demands against such absentees, &c. to petition the Chief Justice or any one of the Judges of the Court of Common Pleas for a writ of attachment against the goods and effects of such absentees, who shall have power to order the same; to thé' provost marshal who shall have power to attach the same, and to make a return to that court, who is empowered to make all the necessary orders in every stage of the proceeding. It would be a waste of time to go minutely through all the different clauses of the act.— Suffice it to say, that all the powers in the act, and all the orders and proceedings under it are given to the Court of Common Pleas, and the different Judges in that court, and to them alone : from whence I infer that that court, and that court alone, has sole jurisdiction of all cases under the attachment act. I do not presume to say that the Legislature could not give jurisdiction or power to an Inferior court to exercise all the requisite authorities to carry it into complete execution. Accordingly, it will be found when Cpunty Courts were established in this state, and inferior jurisdictions were created, a great variety of clauses in that act gave jurisdiction over the attachment law, and directed the mode of proceedings under it. And so in like manner the Legislature might have given a similar jurisdiction to the City Court of Charleston. Perhaps at some future day that may be given, however difficult it may be to modify it conformably to the pi’inciples of the present act. But as the law now stands, I am clearly and decidedly of opinion, the City Court possesses no powers to cany that act into execution, and that the decision of theRecorder was perfectly correct and legal in the present case; and this I am authorized to say is the unanimous opinion of the court.
Clarke, for the motion.
Grimke, contra.
Justices Colcock, Nott, Richardson and Gantt, concurred.
Johnson, Justice, was absent holding the Circuit Court when this case was argued in May last, and therefore gave #o opinion.